Procedure, or else upon a case and exceptions, as prescribed by section 997 of the Code of Civil Procedure. In the case at bar the respondent did not comply with either of these requirements, and therefore we conclude that the learned trial court was without jurisdiction to make the order appealed from.

It follows that the order appealed from should be reversed, with $10, costs and disbursements, and the motion denied, with $10 costs.

Order reversed, with $10, costs and disbursements, and the motion denied, with $10 costs. All concur.

(112 App. Div. 552)

### BANNON v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

1. APPEAL—APPEAL FROM JUDGMENT—QUESTIONS REVIEWABLE.

> An appeal from a judgment raises only questions of law, and the successful party is entitled to have the evidence construed most favorably to him, to establish any fact necessary to support the judgment.

2. MASTER AND SERVANT—INJURY TO SERVANT—FELLOW SERVANTS—NEGLIGENCE—STATUTORY LIABILITY OF EMPLOYER.

> A foreman of a crew engaged in repairing railway bridges assisted the members of the crew in gathering material with which to make a fire in order to thaw out the material necessary to repair a culvert passing under the railroad track. The foreman attempted to move a tie across the track, and while doing so a train struck the tie, and injured a member of the crew. *Held,* that the foreman while attempting to supply material for the fire was acting as a co-employé of the members of the crew, and the employer was not liable for his negligence, under Employers' Liability Act, Laws 1902, p. 1748, c. 600, making an employer liable for an injury to an employé occasioned by the negligence of one exercising the duty of a superintendent.

> [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 450.]

3. SAME—PROXIMATE CAUSE.

> A member of a crew engaged in repairing railroad bridges was injured while standing on a track in consequence of a train running on another track striking a tie attempted to be drawn across the track by a co-employé. *Held,* that the failure of the foreman to give warning of the approach of the train was not the proximate cause of the accident, and the employer could not have anticipated that the employé would be put in danger by a co-employé putting a tie in front of an approaching train.

Appeal from Trial Term, Onondaga County.

Action by John J. Bannon against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

The action was commenced on the 6th day of February, 1904, under the employers' liability act, being chapter 600, p. 1748, Laws 1902, to recover damages sustained by the plaintiff on account of injuries alleged to have been caused solely through the negligence of the defendant.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

A. H. Cowie, for appellant.

John H. McCrahon, for respondent.

McLENNAN, P. J. No motion having been made by the defendant upon the minutes of the court for a new trial, and no order having been entered refusing to grant such new trial, only questions of law are presented by this appeal, which is taken from the judgment only (Collier v. Collins, 172 N. Y. 101, 64 N. E. 787), and the plaintiff is entitled to have the evidence construed most favorably to him to establish any fact necessary to support the judgment.

It is urged by the appellant that the evidence so construed fails, as matter of law, to establish a cause of action in plaintiff's favor. On the 15th day of December, 1903, and for some time previous, the plaintiff was in defendant's employ, engaged with a number of others in repairing bridges upon its railroad. He was a member of the "bridge gang," so called, of which one Reilly was foreman. On the day of the accident Reilly was absent from the work, and assumed to direct one Mickel to take charge of the men, whether with the knowledge or consent of the defendant does not appear. On the day in question the plaintiff, with his associates, including Mickel, was engaged in repairing a stone culvert, which passed under defendant's tracks near Oriskany, N. Y. The material with which to make the repairs was placed between the tracks near the culvert which was being repaired. In the progress of the work it became necessary to build fires upon such material, in order to thaw it so that it could be handled, and for that purpose the men went to work gathering material, old ties, etc., with which to make a fire. In the course of such work Mickel, who we will assume was in charge of the men in the absence of Reilly, himself assumed to attempt to draw a tie across one of the tracks for the purpose of putting it on the fire; the plaintiff at the time being upon the track adjoining. Before Mickel got the tie entirely across, an express train going at the rate of 50 or 60 miles an hour struck the tie in such manner that it was thrown upon the adjoining track, struck the plaintiff, and broke his leg, which is the injury for which he complains.

It is claimed that the defendant is liable upon two grounds: First, because Mickel, while acting as superintendent, attempted to move the tie in front of the approaching express train, and that he was negligent in the performance of such work; and, second, because he failed to give warning of the approach of the express train.

As to the first ground upon which liability is sought to be predicated, we think it is apparent that the act of Mickel in attempting to move the tie across the track was not an act of superintendence, but was the act of a co-employé, for which the defendant is not liable. Liability for negligence in superintending is what is created by the statute, and not for the negligent act of a superintendent in no manner connected with his duties as such. Quinlan v. Lackawanna Steel Co., 107 App. Div. 176, 94 N. Y. Supp. 942.

As to the second ground upon which it is claimed the defendant is liable, to wit, the failure of Mickel to give warning of the approach of the express train, it is sufficient to say that that was not the proximate cause of the accident. The plaintiff was in a safe place, except as it was rendered unsafe by the negligent act of Mickel. No train was approaching on the track upon which he was standing. If he had been notified that a train was approaching upon one track, he would only

have stepped upon another, and the defendant could not have anticipated that he would then be put in danger by another employé putting a tie in front of a moving train upon another track. The direct, proximate, and sole cause of the accident was the negligent act of Mickel in placing a tie in front of a rapidly moving express train, for which, as we have seen, the defendant was not liable, and not because of the fact that he failed to give warning of the approach of such train.

Judgment reversed, and new trial granted, with costs to appellant to abide event upon questions of law only; the facts having been examined, and no error found therein. All concur.